IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| ELLOYD JOHNSON | § | |
| VS. | § | CIVIL ACTION NO. 9:18-CV-5 |
| DIRECTOR, TDCJ-CID | § | |

### ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Elloyd Johnson, a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The Court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge. The Magistrate Judge recommends denying the petition.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and the pleadings. Petitioner filed objections to the Magistrate Judge's Report and Recommendation.

The Court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the Court concludes the objections are without merit.

An inmate charged with a rule violation is entitled to certain rights if the disciplinary action may result in a sanction that imposes upon a liberty interest. In such circumstances, the Fourteenth Amendment guarantees inmates the following procedural rights: 1) written notice of the charges at least twenty-four hours prior to the hearing; 2) the right to be present at the hearing; 3) the right to present witnesses and evidence; and 4) the right to receive a written copy of the hearing record. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974); *Houser v. Dretke*, 395 F.3d 560, 562 (5th Cir. 2004).

Petitioner contends that he was denied due process in case number 20180020254 when the disciplinary hearing officer denied petitioner's request to call witnesses. However, inmates do not have an unrestricted right to call witnesses at disciplinary hearings. *Wolff*, 418 U.S. at 566. Prison officials have discretion to refuse to call witnesses, particularly where the testimony would be irrelevant or unnecessary. *Id.* In this case, petitioner has not identified the excluded witnesses or summarized their expected testimony. Therefore, petitioner has not shown that the testimony was relevant or necessary.

Petitioner also contends that one witness testified by telephone, and that the disciplinary hearing officer required petitioner to have a substitute counsel instead of representing himself. Petitioner has not demonstrated that the result of the hearing would have been different if petitioner had been able to call the unidentified witnesses, a witness had provided live testimony instead of testifying by telephone, and he was allowed to represent himself. Because he has not demonstrated that he was prejudiced by the alleged constitutional violations, petitioner is not entitled to relief. *See Simpson v. Ortiz*, 995 F.2d 606, 609 (5th Cir. 1993) (holding that habeas relief is not available unless the petitioner shows he was prejudiced as a result of the alleged constitutional violation).

In this case, the petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the petitioner need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84; *Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009). If the petition was denied on procedural grounds, the petitioner must show that jurists of reason would find it debatable: (1) whether the petition raises a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484; *Elizalde*, 362 F.3d at 328. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, the petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason, or that a procedural ruling was incorrect. In addition, the questions presented are not worthy of encouragement to proceed further. Therefore, the petitioner has failed

3

to make a sufficient showing to merit the issuance of a certificate of appealability. Accordingly, a certificate of appealability will not be issued.

## **ORDER**

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendation. A certificate of appealability will not be issued.

**So Ordered and Signed**
**Oct 20, 2019**

Ron Clark, Senior District Judge